**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cr-20256-BLOOM/Torres**

UNITED STATES OF AMERICA,

v.

MICHELLE STUBBS,

　　Defendant.

_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**THIS CAUSE** is before the Court upon Defendant Michelle Stubb's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. [142] ("Motion"). The Government filed a Response in Opposition, ECF No. [146]. Defendant did not file a Reply. The Court has carefully considered the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

On March 23, 2021, Defendant was arrested and charged with sex trafficking of a minor in violation of 18 U.S.C. § 1591. *See* ECF Nos. [3], [8]. On April 29, 2021, a grand jury returned an indictment against Defendant, charging her with conspiracy to commit sex trafficking in violation of 18 U.S.C. § 1594 and sex trafficking of a minor in violation of 18 U.S.C. § 1591. *See generally* ECF No. [21]. Defendant pled guilty to the Indictment and was sentenced to 70 months' imprisonment on each count, to run concurrently. ECF Nos. [51], [89].

Defendant's Motion seeks a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant contends such relief is warranted because "she was a victim in her case[,]" she was "subjected to deplorable living conditions[,]" and considering her extensive rehabilitation efforts.

ECF No. [142] at 5. The Government responds that Defendant's Motion must be denied because she failed to exhaust her administrative remedies. Alternatively, the Government argues the Motion should be denied for failing to present an extraordinary and compelling circumstance justifying relief, and because the § 3553(a) factors counsel against compassionate release.

In order to grant Defendant's request pursuant to § 3582(c)(1)(A), the Court must: (1) find Defendant has exhausted his administrative remedies with the Bureau of Prisons ("BOP"); (2) conclude that extraordinary and compelling reasons warrant compassionate release in this case; (3) weigh the relevant § 3553(a) factors; and find that (4) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit has held any such reduction must be consistent with the applicable policy statement, U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S.Ct. 583 ("In short, we hold that [§] 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13."). Moreover, Defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

Section 1B1.13 of the Sentencing Guidelines lists the following extraordinary and compelling reasons: (1) the defendant's medical circumstances ; (2) the defendant's age; (3) the defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while serving the term of imprisonment sought to be reduced; (5) other circumstances similar in gravity

to those described in (1) through (4); and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).

As noted, the Government argues the Motion must be denied because Defendant failed (1) to exhaust her administrative remedies, (2) to present an extraordinary and compelling circumstance justifying compassionate release, and (3) to show § 3553(a) supports compassionate release. The Court agrees for the reasons discussed below.

As the Government points out, 18 U.S.C. § 3582(c)(1)(A) provides a defendant can only seek compassionate release "after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" To do so, Defendant "must properly take each step within the administrative process" her prison facility has implemented. *Varner v. Shepard*, 11 F.4th 1252, 1260 (11th Cir. 2021).

Here, Defendant asserts she submitted a request for compassionate release in either September or October 2023. ECF No. [142] at 3. The Government's Response includes an email from Defendant to the Warden of FCI Tallahassee—where Defendant was incarcerated at the time—stating "I am formally requesting Compassionate Release. I was a victim in my case and a zero point offender. I also suffer from extreme mental trauma." *See* ECF No. [146-1]. However, as the Government accurately observes, 28 C.F.R. § 571.61 requires a defendant's request for compassionate release to the Bureau of Prisons ("BOP") to include "(1) the extraordinary or compelling circumstances that the inmate believes warrant consideration, and (2) proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." ECF No. [146-1] at 5 (citing 28 C.F.R. § 571.61). Defendant's brief email to the BOP fails to satisfy these requirements. The

Court accordingly finds Defendant's Motion must be denied for failing to exhaust her administrative remedies.

Even if Defendant exhausted her administrative remedies, the Court nonetheless agrees with the Government that Defendant fails to present an extraordinary and compelling circumstance justifying compassionate release. As a threshold matter, Defendant's assertion that she was a victim in her case fails to provide a basis for compassionate release. The same is true with respect to Defendant's conditions of confinement and rehabilitation efforts.

Regarding conditions of confinement, the Government correctly observes this Court previously found such conditions are not an extraordinary and compelling circumstance under § 3582. *See United States v. Alvarez*, No. 14-CR-80110-BLOOM, 2022 WL 16856250, at *6 (S.D. Fla. Nov. 10, 2022) ("Indeed, Defendant essentially argues that poor medical care and unpleasant living conditions are extraordinary and compelling reasons warranting early release, but Defendant provides no authority, nor has the Court found any, to support relief on those grounds pursuant to § 3582."); *see also United States v. Lawrence*, No. 21-60865, 2022 WL 17176480, at *1 (5th Cir. Nov. 23, 2022) (holding claims regarding prison conditions are not properly considered in compassionate release appeals); *United States v. Harrell*, No. CR 312-003-22, 2021 WL 77964, at *2 (S.D. Ga. Jan. 8, 2021) ("Finally, to the extent that Defendant is challenging the conditions of his confinement, 18 U.S.C. § 3582(c) is not the proper vehicle to do so."). Defendant's Motion provides no authority, let alone authority indicating such conditions provide a basis for compassionate release. Regarding Defendant's rehabilitation efforts, the Eleventh Circuit has squarely held "[a] defendant's rehabilitation, by itself, is not an extraordinary and compelling reason under the policy statement." *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) (citations omitted); *see also* § 1B1.13(d) ("[R]ehabilitation of the defendant is not, by itself,

an extraordinary and compelling reason."). Defendant's reliance on her rehabilitation efforts, while commendable, thus also fail to show she is entitled to compassionate release.

The Court accordingly concludes Defendant has failed to meet the threshold requirements for entitlement to compassionate release. The Court does not consider whether the § 3553(a) factors support compassionate release in light of its conclusion that Defendant failed to exhaust her remedies or present an extraordinary or compelling reason warranting compassionate release.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. [142]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 31, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record

Michelle Stubbs
02314-506
FDC SeaTac
P.O. Box 13900
Seattle, Washington 98198
PRO SE